Thank you very much. Thank you, and may it please the court. I'm Sarah Riley Howard. I'm here on behalf of Stacey Field, the appellant. I'd like to reserve three minutes for rebuttal, please. We are here because there is a narrow band of ancillary jurisdiction pursuant to Kekkonen v. Guardian Life and United States v. Lucido of this court for expungement of records of arrests and indictments based on legal infirmity. Here we are talking about such a case where we have an indictment and arrest based on a patently illegal search, to use the words of the original district court judge, and an unlawful interrogation. There is long-standing precedent in many circuits that jurisdiction exists for expungement in these limited circumstances, and that precedent includes post-Kekkonen cases in other circuits. In fact, those cases post-Kekkonen, which stated that there would be limited jurisdiction in those types of expungements, was relied on by this court in United States v. Lucido. I'm going to spend the bulk of my time addressing this point. However, I just briefly wanted to touch on the government's two other arguments. Our reply brief addresses those. But the government's argument that the law of the case has changed and there would no longer be an underlying illegality, it hasn't changed. And even if it had, the government waived that argument by failing to argue to Chief Judge Maloney below that there was a law of the case change. Secondly, the argument the government makes that Ms. Field wouldn't be equitably entitled to expungement anyways under these circumstances, we take issue with the premise of that argument, but also the propriety of it here. Because we're here to decide whether or not there's a narrow slice of ancillary jurisdiction, not whether or not Chief Judge Maloney would ultimately decide to grant her a remedy if the case were to reach him on the merits. Can I just kind of, I'm kind of framing generally something I would like for you to address in the process of this, and it may be something you intend to address anyway. But, you know, we have Lucido, which in a general way is in accord with various other post-Coconin circuit holdings that preclude ancillary jurisdiction based on equitable factors. But sometimes the language of Lucido appears, to me at least, to be a little broader than that. And I, of course, was a part of the Cary panel, which, you know, Lucido pretty much disregards. I think there are probably some ways to reconcile Cary and Lucido, although I think the approach that would be better than that of Cary would be to analyze the jurisdictional issue within the precise language of Coconin. And when I try to analyze that issue in terms of the precise language of Coconin, it's kind of hard for me to see how the courts, how expungement would be necessary for the court to manage its proceedings, vindicate its authority, and effectuate its decrees. I mean, its decrees have already achieved whatever there is to be achieved in this case, except for what Ms. Field argues is the inequity of her current situation with regard to the arrest record. I would also observe that those Coconin factors seem to me to, a little bit, to really embroil us in a bit of merits consideration, although it's the Supreme Court standard and it's the one we have to apply. So I guess those are the things I'm struggling with, and I hope you'll address those in talking about it. You don't have to do it right now or you don't have to do it in whatever order, but I would just want you to know where my mind is fretting about this case, and I'd like for you to get there. I'm so glad you asked me that, Judge Gibbons, because that is very next on my yellow pad. So I agree that we have to look at the language of Coconin and what it talks about being necessary to permit a court to function effectively, particularly to vindicate its authority and to effectuate its decrees. And I do think that there is activity here showing that the court's orders have not been fully effectuated, that its authority has not been fully vindicated. If you look at Coconin, at page 380, it cites two cases, Young v. United States, ex rel. Vuitton, and Chambers v. NASCO, Inc., two other Supreme Court cases. And Coconin cites those as acceptable uses of ancillary jurisdiction. One, in Young, where the court recognized the inherent authority to appoint counsel to investigate and prosecute violation of a court's order after the conclusion of the proceedings. And two, in Chambers, the Supreme Court talks about the Chambers case in which the district court had the power to compel a party to pay the opposition's attorney's fees as a sanction for misconduct that occurred during the entire course of litigation. So after the litigation had concluded, this was an acceptable use of ancillary jurisdiction. Particularly at page 44 of the Chambers case, the court says, It is firmly established that the power to punish for contempt is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines. For the underlying concern that gave rise to the contempt power was not merely the disruption of the court proceedings. Rather, it was disobedience to the orders of the judiciary, regardless of whether such disobedience interfered with the conduct of a trial. So they're specifically talking about actions that occurred post-litigation in those two cases cited by Coconin. I ask a couple of questions which would help me understand your position. Yes, Your Honor. And I want to ask a hypothetical. I know that sometimes my colleagues are uncomfortable when I'm asking hypotheticals, but it'll help me understand your position. Yes, Your Honor. Let's say you have a state administrative law judge that has a case before him on, let's say, whether a teacher should have been fired or something, and wants to use, and the prosecutors or the state board wants to use evidence of an arrest, which is arguably a totally unconstitutional arrest, as part of the evidence. Would that ALJ in the state proceeding have the power to say, I'm not going to look at that evidence because it's unconstitutional? I presume you're talking about something that's been found unconstitutional by another federal court, Your Honor. Either way. Yes, I think that that state administrative judge has the power to say, I'm not going to look at something that was gathered in violation of the law. Seems like they could do that, right?  Yes, Your Honor. Okay. That doesn't mean that the state ALJ could order the FBI to expunge it, or it does? It does not mean that the state ALJ could order the FBI to expunge it. All right. Because... Because what? Because we're talking about whether or not the... I'm asking whether the fact that you could exclude it because of its unconstitutionality gives you the power to order that it be expunged, and you're saying no. Not by a state ALJ. There's no federal ancillary jurisdiction that we're talking about there. There's no hook. There's no jurisdictional hook there, right? Not with a state ALJ. No grant power. It might be a federal ALJ. Perhaps it might be different if there was some federal jurisdictional, ancillary jurisdictional hook where they could rely on the statute that grants ancillary jurisdiction. But it's not just from the power. You're agreeing that the power to exclude from the proceeding before you does not necessarily include the power to expunge the record. Not necessarily, Your Honor. Okay. Then I want to ask another question. Let's assume that you had the same arrest that you had here, but it was never prosecuted. But it's causing all the same problems. It's an arrest record saying you were arrested for this, but instead of having a prosecution that was thrown out, there was never a prosecution. Then is there the power to order the expungement? I believe there is, Your Honor. Where is it coming from? To what would the jurisdiction be ancillary? Because there would never be anything that ever invoked the jurisdiction of the federal court. I think at that point the person who was arrested but never prosecuted would have the power to bring an action asking for expungement of the record. Is that under ancillary jurisdiction or some other jurisdiction? It would be probably under a different form of jurisdiction. I suppose the person might bring a Bivens action or if state officials were involved, as they sometimes are in these arrests, even when there's ultimately a federal prosecution, it might be 1983, might seek injunctive relief along with damages if you could get that. But it doesn't seem like there would be a way that it would involve an ancillary jurisdiction question. No, I think it would have to fall under some other form of jurisdiction, Your Honor. So if you can't, then I have this question, if you can't, if the only basis for jurisdiction here is the fact that it was excluded from evidence in the procedure before you, but that's not enough and there isn't anything more, it's like zero plus zero equals nothing. Well, I would disagree with one of the premises of your question, Your Honor, that it wasn't enough here, that it was excluded as part of the criminal case. I think that then gives ancillary jurisdiction to the judge of the district. But it wouldn't if it was another forum that excluded it. I'm not seeing how the power to exclude leads to the power to expunge. I'm not seeing where it's coming from. It's different from cases where you're talking about the records of the court. That was a distinction that was made in Lucido. They talked about the difference between the court's own records, which presumably they have some power over, but they're only going to be their records if the case actually comes before them, and the power to tell some other branch of government how to deal with their records. You can say we won't look at those records because they're unconstitutionally obtained. I'm having trouble seeing where the power to tell another agency, another branch of the government what to do with their records, comes from the power to exclude it in proceedings before the court. Where does that come from, other than if you go through Bivens or one of those routes that you haven't gone through here? It comes from the court's ability to vindicate its authority and to effectuate its decree. One more. I see your time is up, but I want to ask you one more specific question along the lines of what I asked you about earlier. Why isn't it in the interest of the court to have the arrest appear in the FBI's records so then what the court in fact did in excluding the evidence can be considered in the overall context? I just don't see what the court gets out in terms of vindicating its own authority, how that could be furthered by the expungement of an arrest such as the one here. It's furthered by the expungement of the arrest, Your Honor, because the court has the equitable power to fashion a particular remedy. So if the arrest needs to remain in the FBI's records for its own purposes, presumably that's something it could order, but it could tell the FBI not to release it to other people. Part of what the government is doing here and in similar cases is they are obtaining the collateral consequences of a conviction without obtaining the conviction and the direct punishment per se. But they could do that if there just didn't happen to be a court case. Well, they could do it to the extent until somebody... It would be the same thing, right? They could give out the same information if there didn't happen to be a court case. They could give out the same information, but then presumably someone would have inaction under another form of jurisdiction. They might have that in your case, right? Well, actually I would say probably not since there was a civil case in Lucido as well. I was the attorney for Mr. Lucido, and the court denied civil relief there too. Well, but if they're going to deny civil relief there, they're going to deny civil relief in the case that never resulted, that never matured into a prosecution, right? Well, I would argue... Your answer for that is there's this other route, but you say the other route's not available. I'm getting in a circle here. I'm not saying it wouldn't always be available, but it's not... There's no reason why it would be less available in a case where there was a prosecution. No, but... It would be more available, if anything. I agree, Your Honor, but I don't think that whether or not that's available has any bearing on whether or not there's ancillary jurisdiction under the criminal case. And I think that there is ancillary jurisdiction because the government here is trying to obtain results that flout the orders of the district court below in order for the district court to vindicate its authority and... But the order is just excluding evidence, though, below, right? The order is excluding evidence, holding that something was unlawfully... It's not holding, but the order is to exclude evidence, right? That kind of order, you already agreed, doesn't include within it... It also holds... ...some kind of power over the people who created the evidence that's being excluded, does it? It does in that it holds that what they did was illegal and that there are consequences for those actions. And one of the consequences is they can't use that evidence against that person in a prosecution, and they certainly shouldn't be able to obtain the benefits of a prosecution without going through the prosecution. All right. You'll have your rebuttal time. Thank you. Mr. Burge? Is that Burge? Burge, Your Honor. Thank you, yes. Burge. Andrew Burge for the United States. I want to pick up where you left off with respect to what Ms. Field's options are. What she's really doing here is she's attempting to create sort of an end run around agency procedures that were available or even other statutory or constitutional rights that she could pursue in a civil action against the agency that has the records that she wants expunged. Ms. Field contends that the FBI is trying to get the benefit of a conviction without a conviction, but that's not what's happening here. The FBI has an obligation under statute passed by Congress to collect these records and to disseminate them to limited authorized entities, and this is exactly the kind of information that Congress wanted disseminated, which is arrest and disposition records. Those authorized entities include federally insured banks, the Nuclear Regulatory Commission. If anything, you would think a bank would want to know that Ms. Field was at one time arrested for aiding and abetting after the fact of a bank robbery, that she concealed bank robbery proceeds in her shirt, hid it from the FBI. If the bank wants to hire her, notwithstanding that, fine, but this makes sure that information gets to them if they want to ask. Maybe sympathetic in your case, but there certainly seems to be a problem out there with these websites which anyone can go to and find out that someone was arrested, and if the arrest is totally unwarranted, it seems like something that the law should address. Perhaps Ms. Field could bring an action against those entities that are disseminating that information, but she can't do that through the underlying criminal case. She can't hail a third party into the underlying criminal case. We're 14 years after her conviction. It was actually difficult to brief us. The records are so old. You indicated that your duty is to maintain the arrest record and the disposition records. Would those two things be disclosed together to a requesting entity? I believe so. I think Ms. Field attached to her pleadings the material as it appears when it's disclosed to an entity. It's just a very short computer printout, identifies the charges that were brought, the date the individual was arrested or simply appeared, received, and then the ultimate disposition of those charges. It's not a lengthy document. Ms. Field's counsel identified some Supreme Court cases as support for the notion that in the underlying case, a criminal case, a district court could exert jurisdiction over a federal agency. However, in Young, we were talking about the inherent authority when an individual violates a court order. So it's the court order that's been violated that's prompting the authority of the court to direct an investigation. In Chambers, similarly, it's attorneys engaging in misconduct in the underlying litigation that allows the court to assume authority over those attorneys in order in contempt or otherwise. But that's simply not the case here. The court's orders were to suppress evidence, which was fully infatuated because the evidence was never offered at trial. And then when the government moved to dismiss the charges, the court granted that. And that's all been 14 years ago. Ms. Field could have, didn't apparently seek civil action to try to get injunctive relief against the FBI. Apparently had some communications with the FBI through the agency procedures of trying to correct alleged inaccuracy in the record. She has not appealed that to the federal court, so there's not jurisdiction in that sense. So this is an end run around all those avenues, which would be free of any statute of limitations issues for a normal civil action to get injunctive relief against an agency. And free of any timing issues or other injunction issues associated with the Administrative Procedures Act. So we're not dealing with someone who doesn't have potential remedies. It really is addressing to how far a court can extend its authority. We don't need to go that far here. We don't need to stretch beyond what Lucido already held quite broadly, and I think quite knowingly. It's not an unexamined issue when the other circuits at the time have already flagged the issue of unconstitutional arrest. Is it possible for us to rule in your favor without saying anything about the ability of a court to expunge its own records? Yes, because the only records this field has challenged is the FBI record that led to her filing her pro se plea. I ask that because a lot of the cases that get cited have to do with, not all of them, but a lot of them have to do with expungements of convictions, which are the court's own records in a sense. Absolutely. This case is only about the FBI records. We don't take issue with the court's authority to expunge its own records. Those are clearly within its own jurisdiction. I do want to raise one issue just in passing. To the extent the underlying constitutional violation is alleged grounds for subject matter jurisdiction, I can't waive it. So the issue of whether there in fact was a constitutional violation is something that's in front of this court that this court would have to affirm if it's going to assume ancillary jurisdiction on that basis. It's the government's position, but those are not jurisdictional facts. It doesn't matter whether it was unconstitutional activity that led to the suppression of evidence. Under Lucido, under Kokkonen, there's no ancillary jurisdiction here. Are you saying that any constitutional issue in litigation can always be raised? It's jurisdictional? I'm sorry? You seem to be saying that any constitutional issue at any stage of litigation in federal court is a jurisdictional issue. I don't take that position. I believe that's what Ms. Field's position is, and we dispute that. So if there are any other— I thought you were arguing that. I was confused. Thank you. My apologies. Are there no other questions? Anything further? Ms. Field? Ms. Howard. Yes, Your Honor. Whether or not Ms. Field has potential remedies elsewhere, and I'm not sure that she does, but whether or not she does is not determinative of whether or not there's ancillary jurisdiction. Also, the fact that there's a separate statute requiring the FBI to keep certain records doesn't mean, again, that there is no ancillary jurisdiction for a court in an appropriate, narrowly tailored circumstance to instruct the FBI about who they might release those records to. And there's the assumption that Ms. Field would have been found guilty under these facts simply cannot be made. There are a number of arguments that would be made to Judge Maloney, and it's important to remember, too, that the government dismissed its case against Mr. Johnson, the boyfriend that got Ms. Field wrapped up in all of this, claiming that there was a Buford problem, although I frankly cannot understand why they would dismiss at the stage they dismissed against Mr. Johnson unless there were other problems with the case. So I think that we cannot make the assumption that Ms. Field would be found guilty or somehow not entitled to an equitable remedy here. The idea that this was an unexamined issue in Lucido or that it was fully examined, I think it was clearly unexamined in Lucido. And Lucido itself, there was some dispute, as you know, to Judge Gibbons about whether they needed to follow Kerry. And Lucido itself... I know, drive-by jurisdictional ruling. Yes, Your Honor. It was not a drive-by jurisdictional ruling, I might add, although there's no way for judges who were on the panel to know whether it was given careful consideration by the court. I could not agree with you more... It was a case that involved a conviction, though, not an abrasion. Correct, Your Honor. And I could not agree with you more, having been the attorney who argued for the appellant there. But the court does not examine it on the record. And by its own statements, the fact that it was not examined there in the opinion does not permit this court to consider Lucido as precedential or binding on this issue. I think, Your Honor, that to say that there is never a situation where a statute is eventually held illegal or very egregious, unconstitutional, unlawful treatment of a defendant could not lead to expungement, I think to make that broad statement is to rule out cases which very well may qualify for ancillary jurisdiction where a district court's authority needs to be vindicated, its orders need to be effectuated against action by the government, which is inconsistent with even a suppression order. If there are no further questions, I thank the court. We thank you both for your argument, and we'll consider the case carefully. Thank you, Your Honor. I believe there are no other cases to be argued, and so we can adjourn court.